UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X      Case No:
EDWIN VILLA, on Behalf of Himself and
All Others Similarly Situated,

**COLLECTIVE AND
CLASS ACTION
COMPLAINT
WITH JURY DEMAND**

                                        Plaintiffs,

                        -vs.-

EAST 53RD STREET LLC d/b/a AL BUSTAN,
ELIAS GHAFARY, PAUL BOULOS ELIAS
HOBEIKA, and NEHMETALLAH HOBEIKA,

                                        Defendants.
-------------------------------------------------------------X

        Plaintiff Edwin Villa, individually and on behalf of all others similarly situated, by his

attorneys, Law Offices of William Cafaro, respectfully alleges as follows upon information and

belief:


                        ___*NATURE OF THE ACTION*___


        1.      This is a collective and class action brought by Class Representative Plaintiff Edwin

Villa ("Villa") on behalf of himself and all members of the proposed collective and class, as

defined below (collectively, "Plaintiffs") who work or have worked for EAST 53RD STREET

LLC d/b/a AL BUSTAN ("Al Bustan" or "Corporate Defendant")


        2.      Al Bustan is, and at all times herein pertinent was, owned and operated by

Defendants ELIAS GHAFARY ("Ghafary"), PAUL BOULOS ELIAS HOBEIKA ("Hobeika"),

and NEHMETALLAH HOBEIKA ("Nehmetallah") (collectively Ghafary, Hobeika, and

Nehmetallah are referred as the "Individual Defendants") (collectively, Individual Defendants and

Al Bustan are referred to as the "Defendants". The Defendants own and operate a Lebanese restaurant in Manhattan, New York.

3.      Plaintiffs were employed by Defendants as restaurant employees whose duties included, but were not limited to, preparing food, stocking merchandise, making deliveries, and general clean up ("Restaurant Employees").

4.      Plaintiffs were also employed by Defendants as non-exempt servers, server assistants, back waiters, bussers, runners, bartenders, barbacks, and other "Tipped Workers" who work or have worked for the Defendants ("Tipped Workers").

5.      Restaurant Employees perform similar job duties, are subject to the same employment policies, practices and procedures, and are directed by Defendants on how to perform their work.

6.      Tipped Workers perform similar job duties, are subject to the same employment policies, practices and procedures, and are directed by Defendants on how to perform their work.

7.      Plaintiff Villa brings this action on behalf of himself and all similarly situated current and former Restaurant Employees and Tipped Workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage and hour provisions of the FLSA by

Defendants that have deprived Plaintiff Villa and all similarly situated employees of their lawfully earned wages.

8.      Plaintiff Villa brings this action on behalf of himself and all similarly situated current and former Restaurant Employees and Tipped Workers who are members of the putative class set forth herein pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6 §§ 190 *et seq*. and Article 19, §§650 *et seq*. and the supporting New York State Department of Labor Regulations.

## ***THE PARTIES***

### **Plaintiff**

### ***Edwin Villa***

9.      Villa is an adult individual who is a resident of Queens County, New York.

10.      At all times herein pertinent, and in the course of his duties, Villa regularly handled products which had been moved in commerce, including, but not limited to, cleaning supplies like brooms, mops, liquid floor cleaners, and dish soap.

11.      Villa is a covered employee within the meaning of the FLSA and NYLL.

12.      A written consent form for Villa has been filed on the docket.

**Defendants**

13.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14.     Defendants have employed and/or jointly employed the Named Plaintiff and similarly situated employees at all times herein pertinent.

15.     The Corporate Defendant is commonly owned and operated by the Individual Defendants.

16.     The Individual Defendants are officers, owners, and operators of the Corporate Defendant.  The Individual Defendants exercise operational control as it relates to all employees including Plaintiff, members of the putative FLSA Collective and the members of the putative Class. They exercise the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, putative FLSA Collective and the members of the putative Class.  At all times, employees could complain to the Individual Defendants directly regarding any of the terms of their employment, and each of the Individual Defendants would have the authority, if they chose to do so, to effect any changes to the quality and terms of employees' employment, including changing their schedule(s), compensation, or terminating or hiring such employees.

17.     The Individual Defendants do have, and have had, substantial control over the Named Plaintiff as well as all similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

4

*Al Bustan*

18.    Defendant Al Bustan was and is a domestic limited liability company whose principal place of business is located at 319 East 53rd Street, New York, NY 10022.

19.    Al Bustan is, and at all times herein pertinent was, owned and operated by the Individual Defendants.

20.    When the Named Plaintiff and similarly situated employees were paid by check, Al Bustan is and was one of the entities that appeared on the paystubs.

21.    Al Bustan is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiff and similarly situated employees.

22.    At all times herein pertinent, Al Bustan maintained control, oversight, and direction over the Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

23.    Al Bustan has applied the same employment policies, practices, and procedures to all its Restaurant Employees and and Tipped Workers who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, minimum wages, and, overtime compensation.

5

24.    Upon information and belief, for the calendar year 2013, the gross volume of sales made or business done of Al Bustan was not less than $500,000.00.

25.    Upon information and belief, for the calendar year 2014, the gross volume of sales made or business done of Al Bustan was not less than $500,000.00.

26.    Upon information and belief, for the calendar year 2015, the gross volume of sales made or business done of Al Bustan was not less than $500,000.00.

27.    Upon information and belief, for the calendar year 2016, the gross volume of sales made or business done of Al Bustan was not less than $500,000.00.

28.    Upon information and belief, for the calendar year 2017, the gross volume of sales made or business done of Al Bustan will not be less than $500,000.00.

*Elias Ghafary*

29.    Upon information and belief, Ghafery is a resident of the State of New York and has an actual place of business located at 319 East 53rd Street, New York, NY 10022.

30.    Upon information and belief, at all times herein pertinent, Defendant Ghafery has been a member of Al Bustan

31.    Upon information and belief, at all times herein pertinent, Ghafery has been an officer and director of Al Bustan

32. Upon information and belief, and at all times pertinent herein, Ghafery has signed contracts on behalf of each of the Corporate Defendant and listed himself as either Principal and/or Officer. This includes, but is not limited to, contracts with Zahmel Restaurant Supplies Corp.

33. The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Ghafery to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages.

34. At all relevant times, Ghafery has had power over personnel decisions of the Corporate Defendant, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

35. At all relevant times, Ghafery has had power over payroll decisions at Corporate Defendant including the power to retain time and/or wage records.

36. At all relevant times, Ghafery has been actively involved in managing the day to day operations of the Corporate Defendant.

37. At all relevant times, Ghafery has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

38. At all relevant times, Ghafery has had the power to transfer the assets and/or liabilities of the Corporate Defendant.

39.     Ghafery is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

40.     At all relevant times, Ghafery has been listed with the New York State Liquor Authority as a Principal of Al Bustan.

41.     Prior to the filing of this action Ghafery was served with notice pursuant to N.Y L.L.C. Law. § 609.

42.     As such, by operation of law, Ghafery is liable for some of the wages owed to the Plaintiffs in this action.

### Paul Boulos Elias Hobeika

43.     Upon information and belief, Hobeika is a resident of the State of New York and has an actual place of business located at 319 East 53rd Street, New York, NY 10022.

44.     Upon information and belief, at all times herein pertinent, Defendant Hobeika has been a member of Al Bustan

45.     Upon information and belief, at all times herein pertinent, Hobeika has been an officer and director of Al Bustan

46.     Upon information and belief, and at all times pertinent herein, Hobeika has signed contracts on behalf of each of the Corporate Defendant and listed himself as either Principal and/or Officer.  This includes, but is not limited to, contracts with Zahmel Restaurant Supplies Corp.

47.     The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Hobeika to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages.

48.     At all relevant times, Hobeika has had power over personnel decisions of the Corporate Defendant, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

49.     At all relevant times, Hobeika has had power over payroll decisions at Corporate Defendant including the power to retain time and/or wage records.

50.     At all relevant times, Hobeika has been actively involved in managing the day to day operations of the Corporate Defendant.

51.     At all relevant times, Hobeika has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

52.     At all relevant times, Hobeika has had the power to transfer the assets and/or liabilities of the Corporate Defendant.

53.     Hobeika is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

54.     At all relevant times, Hobeika has been listed with the New York State Liquor Authority as a Principal of Al Bustan.

55.     Prior to the filing of this action Hobeika was served with notice pursuant to N.Y L.L.C. Law. § 609.

56.     As such, by operation of law, Hobeika is liable for some of the wages owed to the Plaintiffs in this action.

***Nehmetallah Hobeika***

57.     Upon information and belief, Nehmetallah is a resident of the State of New York and has an actual place of business located at 319 East 53rd Street, New York, NY 10022.

58.     Upon information and belief, at all times herein pertinent, Defendant Nehmetallah has been a member of Al Bustan

59.     Upon information and belief, at all times herein pertinent, Nehmetallah has been an officer and director of Al Bustan

60.     Upon information and belief, and at all times pertinent herein, Nehmetallah has signed contracts on behalf of each of the Corporate Defendant and listed himself as either Principal and/or Officer.  This includes, but is not limited to contracts with Zahmel Restaurant Supplies Corp.

61.     The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Nehmetallah to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages.

62.     At all relevant times, Nehmetallah has had power over personnel decisions of the Corporate Defendant, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

63.     At all relevant times, Nehmetallah has had power over payroll decisions at Corporate Defendant including the power to retain time and/or wage records.

64.     At all relevant times, Nehmetallah has been actively involved in managing the day to day operations of the Corporate Defendant.

65.     At all relevant times, Nehmetallah has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

66.    At all relevant times, Nehmetallah has had the power to transfer the assets and/or liabilities of the Corporate Defendant.

67.    Nehmetallah has filed paperwork with the New York State Department of State stating that he will accept service on behalf of Al Bustan

68.    Nehmetallah is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

69.    At all relevant times, Nehmetallah has been listed with the New York State Liquor Authority as a Principal of Al Bustan.

70.    Prior to the filing of this action Nehmetallah was served with notice pursuant to N.Y L.L.C. Law. § 609.

71.    As such, by operation of law, Nehmetallah is liable for some of the wages owed to the Plaintiffs in this action.

### *JURISDICTION AND VENUE*

72.    Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and

Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus.

73.    This Court also has jurisdiction over the Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

74.    The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

75.    Venue is based upon 28 U.S.C. § 1391 (b)(2) insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## COLLECTIVE ACTION ALLEGATIONS

76.    Named Plaintiff seeks to bring this suit to recover overtime compensation and liquidated damages from Defendants under the applicable provisions of the FLSA, 29 U.S.C. §216(b), on their own behalf as well as on behalf of those in the following collective:

> **FLSA Collective:** Current and former employees of Defendants who, at any time within three years prior to filing date of this Collective and Class Action Complaint through the date of final disposition ("Collective Period"), worked for the Defendants as non-exempt Tipped Workers or Restaurant Employees and were subject to Defendants' policy and pattern or practice of failing to properly pay minimum wages for all hours worked up to the first 40 hours worked and overtime premium for all hours worked beyond 40 per week and who elect to opt into this litigation.

77.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate the Named Plaintiff and the putative FLSA Collective Members ("Collective Members").

78.     Consistent with Defendants' policy and pattern or practice, the Named Plaintiff and the Collective Members have not been the proper statutory minimum wage for all hours worked up to 40 in a given week.

79.     Consistent with Defendants' policy and pattern or practice, the Named Plaintiff and the Collective Members have not been paid any premium overtime compensation for hours worked beyond 40 in any single work week.

80.     All of the Named Plaintiff and the Collective Members have performed tasks which were assigned to them by Defendants, and/or Defendants have been aware of all of the work that they have performed, and have suffered and permitted them to perform all such tasks.

81.     Defendants have exercised sufficient supervision, direction and control over the Plaintiff and Collective Members by, *inter alia*, (1) assigning them job duties and responsibilities; and (2) controlling all of the terms and conditions of their employment, including their hours and their compensation, as well as policies and practices they were required to follow.

82.     As part of their regular business practices, Defendants have intentionally imposed unlawful policies and practices upon the Named Plaintiff and the Collective Members, which include, but are not limited to:

a) willfully failing to pay them the minimum wage for all hours worked up to 40 in a single workweek; and

b) willfully failing to pay them premium overtime wages for all hours worked in excess of 40 hours per workweek; and

c) willfully failing to record all of the time that they have worked for the benefit of the Defendants.

83.    Defendants' unlawful conduct pled herein constitutes a common policy and practice enacted in order to minimize labor costs by failing to properly compensate the Named Plaintiff and the Collective Members for the overtime hours they have worked.

84.    Defendants are aware or should have been aware that Federal law required them to pay the Named Plaintiff and the Collective Members certain minimum wages for work performed up to the first 40 hours worked as well as overtime premiums for all hours worked in excess of 40 per workweek.

85.    The Named Plaintiff and the Collective Members perform or performed the same or similar primary duties.

86.    Defendants' unlawful conduct has been systematic, widespread, repeated, and consistent.

87.    There are many similarly situated current and former employees who have been denied the statutory minimum wage and overtime compensation in violation of the FLSA who

would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to

join it.  This notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

88.     Those similarly situated employees are known to Defendants, are readily

identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

89.     The Named Plaintiff brings this action as a Class action, pursuant to Rule 23 of the

Federal Rules of Civil Procedure, on behalf of themselves and the following defined Classes:

**"Rule 23 Class":**                Tipped Workers and Restaurant Employees employed by the Defendants at any time within six years prior to the filing date of this Class action complaint through the date of final disposition ("Class Period") of this action and who were subject to Defendants' policy and pattern or practice of (i) failing to pay the Plaintiffs the proper minimum wage; (ii) denying Plaintiffs overtime premiums for all of the hours they worked in excess of 40 hours per week; (iii) failing to pay Plaintiffs spread of hours compensation when the spread of hours compensation; (iv) failing to provide proper wage notices and keep proper records as required by the NYLL; and/or (v) failing to provide annual wage notices as required by the NYLL; (vi) misappropriating tips by requiring Plaintiffs share tips with management; and/or (vii) failing to pay Plaintiffs all wages they earned.

90.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives,

officers, directors, assigns, and successors, or any individuals who have, or who at any time during

the class period had, a controlling interest in Defendants, and all persons who shall submit timely

and otherwise proper requests for exclusion.

91.    The Members of the Rule 23 Class are so numerous that joinder of all Members is impracticable. Upon information and belief, the size of the Rule 23 Class is over 50 individuals. Although the precise number of such employees is unknown, the data necessary to ascertain this with precision is within the exclusive possession and control of the Defendants.

92.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Rule 23 Classes as a whole.

93.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a.    Whether Defendants unlawfully failed to pay appropriate minimum wages;

b.    Whether Defendants unlawfully required Members of the proposed class to work off the clock, thereby denying them overtime premiums under the NYLL;

c.    Whether Defendants unlawfully reduced the number of hours the Members worked in their own payroll system;

d.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

e.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for spread-of-hours pay when the length of their workday was greater than 10 hours;

f.   Whether Defendants unlawfully failed to pay appropriate overtime compensation to Members of the proposed class in violation of NYLL;

g.   Whether Defendants failed to pay members of the proposed class for all hours worked up to the first 40 hours worked each week;

h.   Whether Defendants employed Plaintiff and the proposed class within the meaning of New York law;

i.   Whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Named Plaintiff and the proposed class;

j.   Whether Defendants failed to furnish the Named Plaintiff and the proposed class with annual wage notices, as required by the NYLL;

k.   Whether Defendants failed to furnish the Named Plaintiffs and the proposed class Members with proper wage statements with every payment of wages, as required by the NYLL;

l.   Whether Defendants' policy of failing to pay the Named Plaintiffs and Class Members was instituted willfully or with reckless disregard of the law; and

m.   The nature and extent of class-wide injury and the measure of damages for those injuries.

94.    The claims of the Named Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Named Plaintiff and all of the Rule 23 Class Members work, or have worked, for Defendants as Tipped Workers or Restaurant Employees.  The Named Plaintiff and the Rule 23 Class Members enjoy the same statutory rights under the NYLL, including the right to be appropriately compensated for all hours worked, to be paid the statutory minimum wage, overtime compensation, and to receive legally required wage notices.  The Named Plaintiff and the Rule 23

18

Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Named Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct.

95.     The Named Plaintiff will fairly and adequately represent and protect the interests of the Members of the Rule 23 Class; he understands that as Class representative, he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately; he recognizes that as Class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests; he understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class;  he recognizes that any resolution of a Class action must be in the best interests of the Class;  and he understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with Class counsel, and testify at depositions and/or trial. The Named Plaintiff has retained counsel competent and experienced in complex Class actions and employment litigation. There is no conflict between the Named Plaintiff and the Rule 23 Class Members.

96.     A Class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the

expense and burden that this litigation will require. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to vigorously prosecute a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments with respect to Defendants' practices.

97.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## NAMED PLAINTIFF'S FACTUAL ALLEGATIONS

98.     Consistent with their policies and patterns or practices as described herein, Defendants harmed the Named Plaintiff, individually, as follows:

*Edwin Villa*

99.     Defendants did not pay Villa the proper overtime and spread of hours compensation for all of the time that he was suffered or permitted to work each workweek.

100.    Defendants employed Mr. Villa as a Restaurant Employee, whose main duties included, but were not limited to, sweeping, mopping, general cleaning, and making some deliveries.

101.    Throughout his employment with the Defendants, Mr. Villa worked Thursdays through Tuesdays from 10:30AM until 10:30PM.

102.    Villa was employed by the Defendants during two separate periods. The first from on or about August 15, 2014 until on or about December 25, 2014.  The second period was from July 2015 through September 2017.

103.    From August 15 2014 until the end of July 2015, Mr. Villa was paid a salary of $400.00 per work week.

104.    From August 2015 until on or about December 31, 2015, Mr. villa was paid $550.00 per work week.

105.    From January 1, 2016 until on or about December 31, 2016, Mr. Villa was paid $600.00 per work week.

106.    From January 1, 2017 until the end of his employment, Mr. Villa was paid $700.00 per work week.

107.    Defendants suffered or permitted Mr. Villa to work over 40 hours per week.  During such workweeks, Defendants failed to compensate Mr. Villa for any overtime premium of one and one half his regular rate of pay.

108.    Defendants suffered or permitted Mr. Villa to work over 10 hours per day. Defendants did not pay Mr. Villa one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of his work day, was greater than 10 hours.

109.    Throughout his employment with the Defendants, Mr. Villa was not paid any wages for a period totaling 10 weeks.

110.    Upon information and belief, members of the prospective class/collective received paystubs from Defendants which did not properly record any of the hours he worked.

111.    Upon information and belief Defendants failed to keep accurate records of wages earned or of the hours worked by members of the prospective class/collective.

112.    Defendants failed to furnish Villa with proper annual wage notices, as required by the NYLL.

113.    Defendants failed to furnish Villa with proper wage statements with every payment of wages, as required by the NYLL.

*Additional Allegations Concerning Tipped Employees*

114.    Upon information and belief, Defendants failed to notify Tipped Employees in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

115.    Upon information and belief, Defendants failed to notify Tipped Employees either verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

116.    Tipped Employees as well as those similarly situated participated in a tip pool whereby all of their tips were pooled and distributed.

117.    Upon information and belief, Defendants required Tipped Employees to spend at least 2 hours or 20% of their day a few days per week doing non-tipped tasks, including, but not limited to, plating food.

118.    Defendants did not allow Tipped Employees to retain all the tips he earned.

119.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Tipped Employees earned.

120.    Defendants imposed on Tipped Employees a tip redistribution scheme to which he never agreed.

121.    Defendants required Tipped Employees to share a portion of their tips with employees who are not customarily tipped, including, but not limited to, managers.

122.    Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to the Tipped Employees' wages.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY MINIMUM WAGE)

123.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

124.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect the Named Plaintiffs and the Members of the FLSA Collective.

125.    Defendants have failed to pay the Named Plaintiffs and the Members of the FLSA Collective the proper statutory minimum wage to which they have been entitled under the FLSA.

126.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants have failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and have distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

127.    Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

128.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

129.    As a result of Defendants' violations of the FLSA, Named Plaintiffs and the Members of the FLSA Collective have been deprived of the proper minimum wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### *AS AND FOR A SECOND CAUSE OF ACTION* <br> *FEDERAL FAIR LABOR STANDARDS ACT* <br> *AGAINST THE DEFENDANTS, AND EACH OF THEM* <br> *(FAILURE TO PAY OVERTIME)*

130.    The Named Plaintiffs hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

131.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect the Named Plaintiffs and the Members of the FLSA Collective.

132.    Defendants have failed to pay the Named Plaintiffs and the Members of the FLSA Collective overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of 40 per workweek.

133.    Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

134.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

135.    As a result of Defendants' violations of the FLSA, Named Plaintiffs and the Members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY MINIMUM WAGE)

136.    The Named Plaintiffs hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

137.    At all times herein pertinent, Named Plaintiffs and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

138.    Defendants are joint employers of the Named Plaintiffs and Members of the Rule 23 Class within the meaning of the New York Labor Law.

139.    The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

140.    Defendants have failed to pay the Named Plaintiffs and the Rule 23 Class Members the proper minimum wages to which they were entitled under the New York Labor Law.

141.    By Defendants' failure to pay the Named Plaintiff and the Rule 23 Class Members' proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

142.     Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A FOURTH CAUSE OF ACTION
NEW YORK STATE LABOR LAW
AGAINST THE DEFENDANTS, AND EACH OF THEM
(FAILURE TO PAY OVERTIME)**

143.     The Named Plaintiffs hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

144.     At all times herein pertinent, Named Plaintiffs and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

145.     Defendants are joint employers of the Named Plaintiffs and Members of the Rule 23 Class within the meaning of the New York Labor Law.

146.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

147.     Defendants have failed to pay the Named Plaintiffs and the Rule 23 Class Members the overtime wages to which they were entitled under the New York Labor Law.

148.     By Defendants' failure to pay the Named Plaintiffs and the Rule 23 Class Members' premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

149.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY SPREAD OF HOURS*

150.     The Named Plaintiffs hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

151.     Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

Case 1:17-cv-09385-OTW    Document 1    Filed 11/30/17    Page 30 of 40


152.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

153.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**NEW YORK STATE LABOR LAW**
**AGAINST THE DEFENDANTS, AND EACH OF THEM**
***(FAILURE TO PROVIDE PROPER ANNUAL WAGE NOTICES)***

154.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

155.    Upon information and belief, Defendants have willfully failed to furnish the Named Plaintiff and the Rule 23 Class Members with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the

employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

156.    Through their knowing or intentional failure to provide Named Plaintiff and the Rule 23 Class Members with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

157.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs with proper annual wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE PROPER WAGE STATEMENTS)*

158.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

159.    Defendants have willfully failed to furnish Named Plaintiff and the Rule 23 Class members with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

160.    Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

161.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiffs with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## *AS AND FOR AN EIGHTH CAUSE OF ACTION*
## *NEW YORK STATE LABOR LAW*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## *(TIP MISAPPROPRIATION)*

162.     The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

163.     At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

164.     At all times relevant, each Defendant has been an employer of Plaintiffs and the members of the Rule 23 Class within the meaning of the NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

165.     The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

166.     Defendants have unlawfully demanded or accepted, directly or indirectly, part of the gratuities and/or service charges received by Plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

167.    Defendants have unlawfully retained part of the gratuities and/or service charges earned by Plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

168.    Defendants have unlawfully required Plaintiffs and the members of the Rule 23 Class to share part of the gratuities and/or service charges they received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

169.    Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities and/or service charges received by Plaintiff and the member so the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

170.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the value of all misappropriated gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### *AS AND FOR A NINTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(NONPAYMENT OF STRAIGHT TIME WAGES)*

171.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

172.    Named Plaintiff and the Rule 23 Class Members routinely worked over 40 hours in a given workweek.

173.    Defendants have willfully failed to pay all straight time wages due and owing to the Named Plaintiff and the Rule 23 Class Members.

174.    Due to Defendants' willful violations of the NYLL, Named Plaintiff and the Members of the Rule 23 Class are entitled to recover from Defendants the unpaid straight time wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### JURY DEMAND

175.    Plaintiff demands a trial by jury as to all issues so triable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Named Plaintiff, on behalf of himself and all Members of the Proposed Collective and Class, prays for relief as follows:

A.      That, at the earliest possible time, the Named Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Tipped Workers and Restaurant Employees who are presently working at, or who have worked at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice.  Such notice shall inform the Tipped Workers and Restaurant Employees that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wage compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

C.      Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

D.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of the Named Plaintiff as representative of the Rule 23 Class;

F.      Designation of undersigned counsel as Class Counsel;

G.      Payment of a service award to the Named Plaintiff in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

H.      Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

I.      Unpaid minimum wage compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

J.      Unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

K.      Unpaid spread of hours compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

L.      Misappropriated tips and/or service charges and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

M.      Unpaid straight time wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

N.      Statutory penalties of fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars for each Class Member, as provided for by NYLL, Article 6 § 198;

O.      Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

P.      Prejudgment and post-judgment interest;

Q.     An injunction requiring Defendants to pay all statutorily required wages and cease

the unlawful activity described herein pursuant to the NYLL;

R.     Reasonable attorneys' fees and costs of the action; and

S.     Such other and further relief, in **law** or equity, as this Court may deem appropriate

Dated: New York, New York
       November 27, 2017

LAW OFFICES OF WILLIAM CAFARO

William Cafaro (WC2730)
Amit Kumar (AK 0822)
108 West 39th Street, Suite 602
New York, NY 10018
Tel. (212)583-7400

*Attorneys for the Named Plaintiff and the Proposed*
*FLSA Collective and Rule 23 Class*

To:

EAST 53RD STREET LLC d/b/a AL BUSTAN
319 East 53rd Street
New York, NY 10022.

ELIAS GHAFARY
319 East 53rd Street
New York, NY 10022.

PAUL BOULOS ELIAS HOBEIKA
319 East 53rd Street
New York, NY 10022.

NEHMETALLAH HOBEIKA,
319 East 53rd Street
New York, NY 10022.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          Case No:
EDWIN VILLA, on Behalf of Himself and
All Others Similarly Situated,

                    Plaintiffs,


          -vs.-


EAST 53RD STREET LLC d/b/a AL BUSTAN,
ELIAS GHAFARY, PAUL BOULOS ELIAS
HOBEIKA, and NEHMETALLAH HOBEIKA,

                    Defendants.
-------------------------------------------------------------X

---

**COLLECTIVE AND CLASS ACTION COMPLAINT
WITH JURY DEMAND**

---

William Cafaro (WC2730)
Amit Kumar (AK 0822)
Law Offices of William Cafaro
108 West 39th Street, Suite 602
New York, NY 10018
Tel. (212)583-7400

*Attorneys for the Named Plaintiffs and the
Proposed FLSA Collective and Rule 23 Class*